# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRENDEN MICHAEL TAMAGNE,

Defendant-Appellant.

UNPUBLISHED
November 22, 2016

No. 327935
Wayne Circuit Court
LC No. 14-007204-01-FC

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the sentences imposed upon him after his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b) (sexual penetration with a victim at least 13 but less than 16 years of age and a member of the same household). The trial court sentenced defendant to a prison term of 81 to 180 months for each conviction, to be served concurrently. We remand for further consideration of defendant's sentences in accordance with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

The 19-year-old defendant was convicted of sexually assaulting a 14-year-old child who had been placed in his family's home after her parents had appointed defendant's mother as her guardian. The victim alleged that defendant sexually assaulted her on two separate occasions in April 2014 after calling her out of a bedroom that she shared with defendant's sisters. On the first occasion, defendant threatened to kill her if she did not perform fellatio. He then moved her to another location in the home to engage in penile-vaginal intercourse and a second act of fellatio. The victim claimed that defendant similarly engaged in intercourse and fellatio with her approximately two weeks later.

The victim reported the incidents to school officials, and the police were called. Defendant gave a statement to the police in which he admitted engaging in consensual sexual activity with the victim when he arrived home one night after consuming alcohol at a bonfire. Defendant was charged with six counts of first-degree CSC. At trial, defendant denied engaging in any sexual contact with the victim and claimed that the police coerced him into giving a false confession. The jury convicted defendant of three counts of first-degree CSC, and acquitted him of the other three counts.

-1-

# I. OFFENSE VARIABLE 4

On appeal, defendant challenges the trial court's scoring of offense variable (OV) 4 of the sentencing guidelines. Defendant's discussion of this issue presents two legally distinct challenges to the scoring of OV 4. He presents a challenge to the adequacy of the evidence in support of the scoring of OV 4. He additionally argues that the scoring of OV 4 was based on impermissible judicial fact-finding, in violation of his Sixth Amendment rights. Because these are legally distinct challenges, see *People v Biddles*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 326140); slip op p 4, we will analyze them separately.

## A. DEFENDANT'S EVIDENTIARY CHALLENGE

In considering an evidentiary challenge to the scoring of an offense variable, the trial court's factual findings must be supported by a preponderance of the evidence, and we review those findings for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *Biddles*, ___ Mich App at ___; slip op at 4. The trial court's application of its findings to the requirements of the statute is reviewed de novo. *Hardy*, 494 Mich at 438. In this case, however, we conclude that defendant has waived any claim of evidentiary error associated with the scoring of OV 4.

A trial court is required to assess 10 points for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). At sentencing, the prosecutor offered to present the testimony of the victim's guardians, who intended to testify that the victim had undergone counseling to address psychological injuries caused by defendant's sexual abuse. Defense counsel then agreed to stipulate that the guardians would offer the proposed testimony, and counsel further conceded that the proposed testimony would satisfy the requisite preponderance of the evidence standard. We reject defendant's argument on appeal that he did not waive his evidentiary challenge because he only stipulated to the fact that the guardians would testify that the victim was in counseling, not that she was actually in counseling due to defendant's conduct. This argument is not supported by counsel's remarks at sentencing, and it ignores that counsel conceded that the stipulation would satisfy the preponderance of the evidence standard necessary to support the scoring of OV 4. Counsel's stipulation acknowledged the necessary evidentiary support for a 10-point score for OV 4, thereby waiving any evidentiary challenge to the scoring of this variable. A waiver extinguishes any error, leaving no error to review. *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012).

Even if the issue had not been waived, we would conclude that defendant is unable to establish an evidentiary error associated with the scoring of OV 4. Despite defense counsel's stipulation, the prosecutor offered the guardian's statement at sentencing. The guardian stated that the victim was being treated at a psychiatric facility, and was having suicidal ideations. The guardian further stated that the hospitalization was related to the victim's treatment in defendant's household, and in particular to her treatment by defendant during her last two weeks in that household. The guardian's statements support the trial court's assessment of 10 points for OV 4.

## B.  JUDICIAL FACT-FINDING

Defendant also argues that the trial court's scoring of OV 4 was based on impermissible judicial fact-finding, in violation of his Sixth Amendment rights.  Defendant preserved this issue by objecting on this basis at sentencing.  *Lockridge*, 498 Mich at 392.  Further, defendant did not waive any claim of error on this ground.  After stipulating that the guardians' proposed testimony would satisfy the preponderance of the evidence standard, defense counsel expressed that he still intended to maintain his objection to the scoring of the offense variables on the basis of improper judicial fact-finding.

In *Lockridge*, 498 Mich at 364, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient," in violation of the Sixth Amendment, to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ."  To remedy this violation, the Court severed MCL 769.34(2) to the extent that it makes a sentencing guidelines range based on judge-found facts mandatory, and held that a guidelines range calculated in violation of *Apprendi* and *Alleyne* is advisory only.  *Lockridge*, 498 Mich at 364-365.

In *Lockridge*, the Court explained that if the facts "admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . an unconstitutional constraint [will have] actually impaired the defendant's Sixth Amendment right."  *Id.* at 395.  The Court further held that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error.  *Id.* at 397.  This remand procedure was modeled on the procedure adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005).  *Lockridge*, 498 Mich at 395-396.

*Lockridge* involved an unpreserved error subject to review for plain error affecting substantial rights, whereas defendant has preserved his claim of error under *Alleyne*.  Following *Lockridge*, this Court has addressed preserved claims of sentencing error and held that a preserved *Alleyne/Lockridge* error must be reviewed to determine if it qualifies as harmless beyond a reasonable doubt.  *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 181 (2015), appeal held in abeyance ___ Mich ___; 878 NW2d 886 (2016); *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015), appeal held in abeyance ___ Mich ___; 878 NW2d 480 (2016).  This Court has further held that in order to determine whether the error was harmless, a *Crosby* remand is appropriate, even in the absence of evidence that judicial fact-finding increased the minimum sentence, if the trial court's use of the sentencing guidelines was mandatory at the time of sentencing.  *Terrell*, 312 Mich App at 466-467.

In this case, even though the trial court's assessment of 10 points for OV 4 is supported by a preponderance of the evidence, the jury's verdict does not establish the factual basis for that score because the jury was not required to find that the victim suffered a psychological injury.  In

addition, this fact was not admitted by defendant. Further, the 10-point score affects defendant's placement in the cell of the sentencing grid under which he was sentenced. The 10-point score raised defendant's total OV score from 35 to 45 points, placing him in OV Level III (40 – 59 points) instead of OV Level II (20 – 39 points), resulting in a higher guidelines range. MCL 777.62. Because defendant was sentenced before our Supreme Court's decision in *Lockridge*,[1] and his placement in OV Level III cannot be sustained on the basis of facts admitted by defendant or necessarily found by the jury, remand is warranted to determine if the sentencing error is harmless. See *Stokes*, 312 Mich App at 198.

On remand, the trial court shall determine if it would have imposed a materially different sentence but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of defendant's original sentencing. *Lockridge*, 498 Mich at 397. The trial court shall follow the procedure described in *Lockridge*. Defendant must be given the option of promptly notifying the trial judge that resentencing will not be sought. If notification is not received in a timely manner, the trial court shall continue with the proceeding. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. *Id.* at 396-399.

## II. LIFETIME ELECTRONIC MONITORING

Defendant also argues that the trial court erred in ordering lifetime electronic monitoring as part of his sentences for first-degree CSC where the victim was 14 years old at the time of the offenses. We disagree.

The first-degree CSC statute provides that "[i]n addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n." MCL 750.520b(2)(d). MCL 750.520n(1) provides that "a person convicted [of CSC I] or [CSC II] for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring . . . ." As defendant acknowledges, this Court construed these statutes in *People v Brantley*, 296 Mich App 546, 558-559; 823 NW2d 290 (2012), and held that "any

---

[1] We reject plaintiff's assertion that defendant is not entitled to a *Crosby* remand because defendant was sentenced after *Lockridge* was decided. This claim is based on defendant's appearance at a hearing on August 21, 2015. Contrary to what plaintiff argues, that hearing did not involve a formal sentencing proceeding. Instead, it was conducted for the limited purpose of advising defendant that he was subject to the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, and was also subject to lifetime electronic monitoring. The trial court expressly advised defendant that the hearing was not for the purpose of "disputing or disrupting your actual term of sentence." The applicability of the *Lockridge* decision, or its effect on defendant's sentences, was never discussed. Accordingly, there is no basis for concluding that the hearing involved an actual resentencing proceeding after *Lockridge* was decided, or that it fulfilled the purposes of a *Crosby* remand.

defendant convicted of CSC-I under MCL 750.520b, regardless of the age of the defendant or the age of the victim, must be ordered to submit to lifetime electronic monitoring." Accordingly, defendant's challenge to the imposition of lifetime electronic monitoring is without merit.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto